1  BENJAMIN B. WAGNER
   United States Attorney
2  WILLIAM S. WONG
   MICHAEL D. ANDERSON
3  Assistant U.S. Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700



**FILED**

MAY 31 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-0207 LKK |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 922(a)(1)(A) - Engaging in the Business of Dealing in Firearms Without a License (2 counts); 18 U.S.C. § 371 - Conspiracy to Make a False Statement With Respect to Firearm Records (5 Counts); 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) - Criminal Forfeiture |
| v. | |
| RYAN McGOWAN, ROBERT SNELLINGS, ULYSSES SIMPSON GRANT EARLY, IV, and THOMAS LU, | |
| Defendants. | |

I N D I C T M E N T

The Grand Jury charges:  T H A T

At all times relevant to this Indictment:

    1.    The Bureau of Alcohol, Tobacco, Firearms and Explosives
(ATF) is an agency of the United States Government tasked with
the responsibility of supervising, controlling, and licensing the
sale of firearms.

    2.    A Federal Firearms Licensee (FFL) is an individual or
entity, who after submitting an application and undergoing an
investigation by ATF, is then granted a license to sell certain

1

1    firearms, and other controlled items.  Federal firearms laws
2    require anyone who is a firearms dealer to obtain a federal
3    firearms license.  Private persons can sell firearms without a
4    license, provided they are not engaged in the business of selling
5    firearms, such as the occasional sale of a portion of a personal
6    firearms collection.

7         3.   An ATF Form 4473 is a document required to be completed
8    by the actual buyer of a firearm from any FFL.  Under California
9    law, private persons who sell a firearm must use an FFL to
10   transfer the firearm.  The FFL must assure that ATF Form 4473 is
11   completed by the actual buyer of a firearm prior to the sale or
12   transfer of the firearm between private parties and must retain
13   the original completed ATF Form 4473 on his/her premises.  The
14   ATF Form 4473, Section A must be completed by the actual buyer
15   and must contain, among other information, the name and residence
16   address of the actual buyer, along with the assurance that the
17   buyer is the actual buyer of the firearm and is not acquiring the
18   firearm on behalf of another person.

19        4.   Pursuant to State law, certain firearms known as "off
20   roster" firearms are not on the approved list of firearms and may
21   not be offered for sale to the public as a new firearm by FFLs in
22   California,   but   may   only   be   purchased   new   by   sworn   law
23   enforcement officers.  Such firearms may later be lawfully sold
24   by a law enforcement officer to the public in a "private party"
25   transaction conducted through an FFL.
26   //
27   //
28   //

COUNT ONE:       [18 U.S.C. § 922(a)(1)(A) - Engaging in the
                 Business of Dealing in Firearms Without a
                 License]

    The Grand Jury charges:   T H A T

RYAN McGOWAN,

defendant herein, beginning on or about February 2008, and

continuing through at least November 2011, in the County of

Sacramento, State and Eastern District of California, and

elsewhere, not having received a license to engage in the

business of dealing in firearms as required by Title 18 of the

United States Code, Section 923, did engage in the business of

dealing in firearms and, in the course of such business, received

firearms that had been shipped and transported in interstate and

foreign commerce, in violation of Title 18, United States Code,

Section 922(a)(1)(A).

COUNT TWO:       [18 U.S.C. § 371 - Conspiracy to Make a False
                 Statement with Respect to Firearm Records]

    The Grand Jury further charges:   T H A T

RYAN McGOWAN, and
ROBERT SNELLINGS,

defendants herein, beginning on or about July 1, 2009, and

continuing through July 27, 2009, in the County of Sacramento,

State and Eastern District of California, and elsewhere, did

conspire with each other, and with other persons known and

unknown to the Grand Jury, to knowingly make a false statement

and representation with respect to information required to be

kept under federal law by an FFL, specifically representing on

Form 4473 that defendant RYAN McGOWAN was the actual buyer of a

Sturm, Ruger & Co., Model LCP, .380 caliber handgun, serial

number 37182507, when he was not the actual buyer, in violation

of Title 18, United States Code, Section 924(a)(1)(A).

Overt Acts

   As part, and in furtherance of the conspiracy, overt acts
were committed including, but not limited to, the following:

   1.   On or about July 1, 2009, defendant ROBERT SNELLINGS
purchased a Sturm, Ruger & Co., model LCP, .380 caliber handgun,
serial number 37182507, as an FFL (on behalf of Snellings'
Firearms), for $359.70 in cash.  The gun was delivered that same
day by River City Gun Exchange to Snellings' Firearms as an FFL
to FFL transfer.

   2.   The very next day, on or about July 2, 2009, defendant
RYAN MCGOWAN purchased the same Sturm, Ruger & Co., model LCP,
.380 caliber handgun, serial number 37182507, from Snellings'
Firearms.  This handgun is not on the roster of approved handguns
for sale to the public in California and can only be purchased
new from an FFL by a peace officer.  Defendant RYAN MCGOWAN was
able to purchase this firearm due to his peace officer status.

   3.   During the purchase of this firearm, on or about July
2, 2009, defendant RYAN MCGOWAN filled out ATF Form 4473.
Question 12a on ATF Form 4473, asks:  "Are you the actual buyer
of this firearm(s) listed on the form?"  On the form, defendant
RYAN McGOWAN answered "yes" to question 12a.  If defendant RYAN
McGOWAN did not answer "yes", the sale would have been prohibited
by law.

   4.   On July 13, 2009, 11 days after the purchase, and one
day after the expiration of the ten day waiting period under
California law, defendant RYAN McGOWAN private party transferred
the firearm back to defendant ROBERT SNELLINGS as a private party
(not as an FFL).

4

5.   On July 27, 2009 (14 days after defendant RYAN McGOWAN transferred the firearm to defendant ROBERT SNELLINGS), defendant ROBERT SNELLINGS private party transferred the firearm to W.P. This gun was later listed on a CCW (carry concealed weapon) permit for W.P. on April 20, 2011.

All in violation of Title 18, United States Code, Section 371.

COUNT THREE:     [18 U.S.C. § 371 - Conspiracy to Make a False Statement With Respect to Firearm Records]

The Grand Jury further charges:  T H A T

ROBERT SNELLINGS,

defendant herein, beginning on or about June 17, 2010, and continuing through July 5, 2010, in the County of Sacramento, State and Eastern District of California, and elsewhere, did conspire with other persons known and unknown to the Grand Jury, to knowingly make a false statement and representation with respect to information required to be kept under federal law by an FFL, specifically representing on Form 4473 that unindicted coconspirator C.L. was the actual buyer of a Sturm, Ruger & Co., Model LCP, .380 caliber handgun, serial number 37437161, when he was not the actual buyer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

Overt Acts

As part, and in furtherance of the conspiracy, overt acts were committed including, but not limited to, the following:

1.   On June 17, 2010, Sacramento Police Officer C.L. started the Dealer's Record of Sale (DROS) process for two Sturm, Ruger & Co., model LCP, .380 caliber handguns with serial numbers

1  37437161 and 37437405.  This transaction was completed by

2  defendant ROBERT SNELLINGS as an FFL for Snellings' Firearms.

3  These firearms were "off roster" firearms, not on the approved

4  list of handguns for sale in California, and could only be

5  purchased new from an FFL by a peace officer.  At the time C.L.

6  filled out ATF Form 4473, he and defendant ROBERT SNELLINGS knew

7  that B.G. was the actual buyer and not C.L.

8       2.   Approximately 19 days later, on July 5, 2010, C.L.

9  private party transferred the Sturm, Ruger & Co., model LCP, .380

10 caliber handgun, with serial number 37437161, to B.G.  The

11 private party transfer was completed by defendant ROBERT

12 SNELLINGS as an FFL.

13      3.   In furtherance of the conspiracy, B.G. paid defendant

14 ROBERT SNELLINGS directly for the firearm.

15      All in violation of Title 18, United States Code, Section

16 371.

17 COUNT FOUR:      [18 U.S.C. § 371 – Conspiracy to Make a False
                    Statement with Respect to Firearm Records]
18

19      The Grand Jury further charges:  T H A T

20                     ROBERT SNELLINGS,

21 defendant herein, beginning on or about August 12, 2010, and

22 continuing through on or about September 13, 2010, in the County

23 of Sacramento, State and Eastern District of California, and

24 elsewhere, did conspire with other persons known and unknown to

25 the Grand Jury, to knowingly make a false statement and

26 representation with respect to information required to be kept

27 under federal law by an FFL, specifically representing on Form

28 4473 that unindicted coconspirator C.L. was the actual buyer of a

1   Carl Walther, model PK 380, .380 caliber handgun, serial number

2   PK038993, when he was not the actual buyer, in violation of Title

3   18, United States Code, Section 924(a)(1)(A).

4                              Overt Acts

5       As part, and in furtherance of the conspiracy, overt acts

6   were committed including, but not limited to, the following:

7       1.   On or about August 12, 2010, Sacramento Police Officer

8   C.L. started the DROS process for a semiautomatic, Carl Walther,

9   model PK380, ".38 caliber" handgun, serial number PK038993.

10  Defendant ROBERT SNELLINGS was listed as the FFL that completed

11  the paperwork for this firearm.  The entry of the caliber on

12  August 12, 2010 as ".38" is not correct.  This handgun is not on

13  the roster of approved handguns for sale to the public in

14  California and can only be purchased new from an FFL by a peace

15  officer.

16      2.   On September 13, 2010, approximately 32 days later,

17  C.L. private party transferred the same firearm to defendant

18  ROBERT SNELLINGS as a private person to complete the "straw

19  purchase" transaction.  The firearm was transferred to defendant

20  ROBERT SNELLINGS, using defendant ROBERT SNELLINGS' business as

21  the FFL to conduct the paperwork.

22      All in violation of Title 18, United States Code, Section

23  371.

24  COUNT FIVE:     [18 U.S.C. § 371 – Conspiracy to Make a False
                    Statement with Respect to Firearm Records]
25

26      The Grand Jury further charges:  T H A T

27                      ROBERT SNELLINGS,

28  defendant herein, beginning on or about July 9, 2009, and

                                7

1    continuing through on or about August 4, 2009, in the County of

2    Sacramento, State and Eastern District of California, and

3    elsewhere, did conspire with other persons known and unknown to

4    the Grand Jury, to knowingly make a false statement and

5    representation with respect to information required to be kept

6    under federal law by an FFL, specifically representing on Form

7    4473 that unindicted coconspirator C.K. was the actual buyer of a

8    Carl Walther, Model PPS, .40 caliber handgun, serial number

9    AD3719, when he was not the actual buyer, in violation of Title

10   18, United States Code, Section 924(a)(1)(A).

11                                Overt Acts

12        As part, and in furtherance of the conspiracy, overt acts

13   were committed including, but not limited to, the following:

14        1.   On or about July 9, 2009, Roseville Police Officer C.K.

15   started the DROS process for the purchase of a Carl Walther,

16   model PPS, .40 caliber handgun, serial number AD3719. This

17   handgun is not on the roster of approved handguns for sale to the

18   public in California and can only be purchased new from an FFL by

19   a peace officer.  Defendant ROBERT SNELLINGS was the FFL that

20   completed the ATF Form 4473 paperwork.  C.K. listed himself as

21   the actual buyer of the handgun, when in fact the actual buyer of

22   the handgun was defendant ROBERT SNELLINGS.

23        2.   The same firearm was later transferred to defendant

24   ROBERT SNELLINGS, as a private person, using ROBERT SNELLINGS, as

25   the FFL, to complete the transfer.  This is the same firearm C.K.

26   obtained the month prior.

27        All in violation of Title 18, United States Code, Section

28   371.

COUNT SIX:       [18 U.S.C. § 371 – Conspiracy to Make a False
                 Statement With Respect to Firearm Records]

    The Grand Jury further charges:   T H A T

                    ROBERT SNELLINGS, and
               ULYSSES SIMPSON GRANT EARLY, IV,

defendants herein, beginning on or about April 29, 2010, and

continuing through on or about May 27, 2010, in the County of

Sacramento, State and Eastern District of California, and

elsewhere, did conspire with each other, and other persons known

and unknown to the Grand Jury, to knowingly make a false

statement and representation with respect to information required

to be kept under federal law by an FFL, specifically representing

on Form 4473 that unindicted co-conspirator C.K. was the actual

buyer of a Sturm, Ruger & Co., model LCP, .380 caliber handgun,

serial number 37300127, when he was not the actual buyer, in

violation of Title 18, United States Code, Section 924(a)(1)(A).

Overt Acts

    As part, and in furtherance of the conspiracy, overt acts

were committed including, but not limited to, the following:

    1.   On or about April 29, 2010, Roseville Police Officer

C.K. started the DROS process to purchase a Sturm, Ruger & Co.,

model LCP, .380 caliber handgun, serial number 37300127, from

Snellings' Firearms.   This handgun is not on the roster of

approved handguns for sale to the public in California and can

only be purchased new from an FFL by a peace officer.   Unindicted

co-conspirator C.K. was able to purchase this firearm due to his

peace officer status.

    2.   During the purchase of this firearm, C.K. filled out

ATF Form 4473.   Question 12a asks: "Are you the actual buyer of

1   this firearm(s) listed on the form?"  On the form, C.K. answered

2   "yes" to question 12a.  If C.K. did not answer "yes", the sale

3   would have been prohibited by law.  At the time C.K. filled out

4   ATF Form 4473, he and defendants ROBERT SNELLINGS and ULYSSES

5   SIMPSON GRANT EARLY, IV, had no doubt that C.K. was not the

6   actual buyer, but that the true actual buyer was defendant

7   ULYSSES SIMPSON GRANT EARLY, IV.

8       3.   On May 27, 2010, approximately 28 days later, C.K.

9   private party transferred the Sturm, Ruger & Co., model LCP, .380

10  caliber handgun, serial number 37300127, to ULYSSES SIMPSON GRANT

11  EARLY, IV.  The private party transfer was completed by defendant

12  ROBERT SNELLINGS as the FFL.

13      All in violation of Title 18, United States Code, Section

14  371.

15  COUNT SEVEN:    [18 U.S.C. § 922(a)(1)(A) - Engaging in the
                    Business of Dealing in Firearms Without a
16                  License]

17      The Grand Jury further charges:  T H A T

18                       THOMAS LU,

19  defendant herein, on or about March 2008, and continuing through

20  at least November 2011, in the County of Sacramento, State and

21  Eastern District of California, and elsewhere, not having

22  received a license to engage in the business of dealing in

23  firearms as required by Title 18, United States Code, Section

24  923, did engage in the business of dealing in firearms and, in

25  the course of such business, received firearms that had been

26  shipped and transported in interstate and foreign commerce, in

27  violation of Title 18, United States Code, Section 922(a)(1)(A).

28  ///

FORFEITURE ALLEGATION:     [18 U.S.C. § 924(d)(1) and 28 U.S.C. §
                           2461(c) - Criminal Forfeiture]

1.   Upon conviction of one of more of the offenses alleged in Counts One through Seven of this Indictment, defendants RYAN McGOWAN, ROBERT SNELLINGS, ULYSSES SIMPSON GRANT EARLY, IV, and THOMAS LU shall forfeit to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing or willful commission of the offenses.

2.   If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Seven of this Indictment, for which defendants are convicted:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a
        third party;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot
        be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporated by 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.

/S/
_____
FOREPERSON

_____
BENJAMIN B. WAGNER
United States Attorney

11

No. 2 1 2 - CR - 0 2 0 7 LKK

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

## RYAN McGOWAN, ROBERT SNELLINGS, ULYSSES SIMPSON GRANT EARLY, IV, and THOMAS LU,

### I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 922(a)(1)(A) - Engaging in the Business of Dealing in Firearms Without a License (2 Counts); 18 U.S.C. § 371 - Conspiracy to Make a False Statement With Respect to Firearm Records (5 Counts); 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) - Criminal Forfeiture

*A true bill,*

/S/

*Foreman.*

*Filed in open court this* _____ 31 _____ *day*

*of* _____ may _____ , *A.D. 20* 12

*Clerk.*

*Bail, $* _____

Summons to issue as to Defendant McGowan, Early
and Lu.

GPO 863 525

As to Defendant Snellings ⟶ **NO BAIL** WARRANT

2: 1 2 - CR - 0 2 0 7 **LKK**

### PENALTY SLIP

**Penalties on COUNT ONE for the following defendant:**
**RYAN McGOWAN**

VIOLATION:     18 U.S.C. § 922(a)(1)(A) - Engaging in the Business of Dealing in
                        Firearms Without a License

PENALTY:       Not more than 10  years  imprisonment
                        Not more than a $250,000.00 fine, or both
                        At least 3 years of supervised release

**Penalties on COUNT TWO for the following defendants:**
**RYAN McGOWAN, and**
**ROBERT SNELLINGS**

VIOLATION:     18 U.S.C. § 371  - Conspiracy to Make a False Statement with
                        Respect to Firearm Records

PENALTY:       Not more than 5 years imprisonment
                        Not more than a $ 250,000.00 fine, or both
                        At least 3 years of supervised release

**Penalties on COUNT THREE for the following defendant:**
**ROBERT SNELLINGS**

VIOLATION:     18 U.S.C. § 371 - Conspiracy to Make a False Statement with
                        Respect to Firearm Records

PENALTY:       Not more than 5 years to life imprisonment
                        Not more than a $250,000.00 fine, or both
                        At least 3 years of supervised release

**Penalties on COUNT FOUR for the following defendant:**
**ROBERT SNELLINGS**

VIOLATION:     18 U.S.C. § 371 - Conspiracy to Make a False Statement with
                        Respect to Firearm Records

PENALTY:       Not more than 5 years to life imprisonment
                        Not more than a $250,000.00 fine, or both
                        At least 3 years of supervised release

**Penalties on COUNT FIVE for the following defendant:**
**ROBERT SNELLINGS**

VIOLATION:    18 U.S.C. § 371 - Conspiracy to Make a False Statement with Respect to Firearm Records

PENALTY:    Not more than 5 years to life imprisonment
Not more than a $ 250,000.00 fine, or both
At least 3 years of supervised release

**Penalties on COUNT SIX for the following defendants:**
**ROBERT SNELLINGS**
**ULYSSES SIMPSON GRANT EARLY, IV**

VIOLATION:    18 U.S.C. § 371 - Conspiracy to Make a False Statement with Respect to Firearm Records

PENALTY:    Not more than 5 years to life imprisonment
Not more than a $ 250,000.00 fine, or both
At least 3 years of supervised release

**Penalties on COUNT SEVEN for the following defendant:**
**THOMAS LU**

VIOLATION:    18 U.S.C. § 922(a)(1)(A) - Engaging in the Business of Dealing in Firearms Without a License

PENALTY:    Not more than 10 years to life imprisonment
Not more than a $250,000.00 fine, or both
At least 3 years of supervised release

FORFEITURE
ALLEGATION:    18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) - Criminal Forfeiture

PENALTY:    As Stated in the Indictment

ASSESSMENT:    $100.00 special assessment for each count